## JAMES ANDERSON, Appellant, *v.* T. J. BAXTER, Respondent.

MORTGAGE—SUIT TO FORECLOSE IS NOT FOR THE DETERMINATION OF ANY RIGHT OR CLAIM TO OR INTEREST IN REAL PROPERTY.—A suit to foreclose a mortgage is not for the determination of any right, or claim to, or interest in real property, within the meaning of § 378 of the Civil Code. It is the mere collection of a debt charged upon specific property by resorting to the property as a means of satisfying it.

STATUTE OF LIMITATIONS.—The absence of a mortgagor from the State will not prevent the Statute of Limitations from running on the mortgagee's right to foreclose. Equity acts by analogy to the rules of law. A suit of foreclosure is in effect a proceeding *in rem*. There is no analogy in the application of the Statute of Limitations between such a proceeding and actions at law.

EFFECT OF POSSESSION.—A mortgagee or his assignee in possession occupies a position, in a suit to foreclose, no more favorable than if out of possession.

PAYMENT—WHAT IS, TO TAKE A SUIT OUT OF THE STATUTE OF LIMITATIONS.— A payment by operation of law, or acknowledged by the creditor on account of an equitable set-off or counter-claim, which the debtor might insist upon, but which he has never claimed to have applied as such, is not such a payment as will operate to prevent the Statute of Limitations from running.

APPEAL from Marion County.

The facts are stated in the opinion of the Court.

*Mallory & Shaw and E. D. Shattuck,* for Appellant.

The receipt of the rents and profits of lands by a mortgagee or his assignee in possession, is payment *pro tanto* of the money due on the mortgage. (Powell on Mortgages, 225–228; *Waring* v. *Smyth,* 2 Barb. Ch. R. 135; *Shaler* v. *Signer,* 44 Barb. 614; 4 Kent, 166.)

Unless a period of ten years has elapsed since the last rents and profits were received, the statute has not run against the mortgage. (Civ. Code, §§ 24, 25; Powell on Mortgages, 249, 250.)

A mortgagee or his assignee in possession of mortgaged premises may defend that possession until the debt secured by the mortgage is paid, either from the rents and profits, or by the mortgagor, or by some one for him or representing his interest. The provision of the Code denying to the mortgagee the right to his action of ejectment for the possession without a foreclosure and sale (Civ. Code, § 323) does not deprive him of his right to defend his possession under his mortgage when obtained by lawful means. (*Jackson* v. *Winkler*, 10 John. R. 480; *Jackson* v. *Bowen*, 7 Cow. R. 20, 21; *Jackson* v. *Meyers*, 11 Wend. 538, 539; *Van Duyne* v. *Thayre*, 14 Wend. 234; *Phyfe* v. *Riley*, 15 Wend. 248; *Watson* v. *Spence*, 20 Wend. 263; *Waring* v. *Smyth*, 2 John. Ch. 135; *Casey* v. *Buttolph*, 12 Barb. N. Y. 638; *St. John* v. *Bumpstead*, 17 Barb. N. Y. 102; *Monroe* v. *Merchant*, 26 Barb. N. Y. 406; *Mickles* v. *Townsend*, 18 N. Y. 584; *Chase* v. *Peck*, 21 N. Y. 586; *Smith* v. *Garder*, 42 Barb. N. Y. 364; 44 Barb. N. Y. 613; *Ruch* v. *Hall*, 1 Smith's L. Cas. 816; *Dutton* v. *Warschauer*, 625.)

A mortgagee in possession has an interest in the premises which he has not when not in possession. In possession, he is entitled to rents and profits, and may defend his possession against the mortgagor and those claiming under him. (Powell on Mortgages, 235; *Dougherty* v. *Randall*, 3 Mich. 581; 21 N. Y. 343.)

*Williams & Willis*, for Respondent.

A mortgage creates no right to or interest in the land mortgaged. It is only a lien thereon, similar in character to the liens created by judgments generally. (Session Laws 1870, 265; 9 Cal. 411; 39 Cal. 247; 3 Denio, 234; 21 N. Y. 347; 6 Conn. 161.) The time that the mortgagor resides out of the State is deemed a part of the period of limitations. (Id.) Possession by the mortgagee, without the mortgagor's consent, does not operate to enlarge the mortgagee's rights. (Civ. Code, § 323; 9 Cal. 411, 428; 17 Cal. 593; 36 Cal. 42, 52.)

By the Court, THAYER, J.:

This is a suit by the appellant, James Anderson, as plaintiff, to foreclose a mortgage upon certain real property situated in the county of Marion. The complaint was filed on the — day of April, 1870. The respondent, T. J. Baxter, defendant in the Court below, demurred to the complaint on the grounds that the suit had not been commenced within the time limited by the Code. The Circuit Court overruled the demurrer, and the defendant appealed from the decision to this Court. The appeal was heard at the term of this Court held in the year 1870, and the decision of the Circuit Court upon the demurrer was reversed and the cause remanded to the Court below for further proceedings.

The case coming on to be heard in the Circuit Court upon the mandate of this Court filed there, judgment was given in favor of the defendant and against the plaintiff for the costs and disbursements, and the plaintiff, by leave of that Court, filed an amended complaint in the suit, to which the defendant interposed a demurrer upon the same grounds as before. The Circuit Court, at a term thereof held in January, 1871, regarding the decision of this Court upon the former appeal as decisive of the question raised by the demurrer to the amended complaint, sustained the same and gave judgment for the defendant, from which the plaintiff brings this appeal.

The only question we are necessarily required to consider is, whether or not the amended complaint referred to presents a state of facts that takes the case out of the principles of law determined by this Court upon a former appeal.

But as no opinion was then written, it has been deemed advisable to give at this time the opinion of the Court upon the questions determined in this case at the former term as well as those now submitted for our consideration.

The plaintiff alleges in his complaint, in substance, that on the 14th day of October, 1857, one William H. Nordyke and wife sold and conveyed, by deed of that date, the real property in question to Nathan Howe and Horace Howe,

Jr. That said Howes on the same day executed to said Nordyke a mortgage upon said property to secure eighteen hundred dollars of the purchase-money thereof, conditioned to be paid in two installments of nine hundred dollars each, in one and two years from date, with interest. That the mortgage contained a clause that until default by mortgagors in the performance of said condition, it should be lawful for them to retain the possession of the said property and to use and enjoy the same. That mortgagors wholly failed to pay the money or interest secured to be paid by the said mortgage, and abandoned the said mortgaged premises and went out of the (then) Territory (now State) of Oregon, and have continuously ever since remained out of said possession and absent from the State.

That after the default in the payment of said money, the said Nordyke, the mortgagee, entered and took peaceable possession of said premises under his said mortgage, and being so in possession thereof, he, on the 12th day of May, 1859, in consideration of twenty-two hundred dollars, sold and assigned the said mortgage to the plaintiff, which assignment was, at or about the day aforesaid, duly acknowledged and recorded; and the said mortgagee then and there delivered said mortgage, and the possession of the said premises, to said plaintiff, who then and there peaceably entered and has continuously ever since remained in the quiet and undisturbed possession thereof to the present time, and has received the rents and profits thereof, paid the taxes and other necessary expenses for repairs, and made valuable improvements thereon, an account of which was set forth in said complaint, in a bill of particulars, in which the mortgagors were credited for the use of the premises for each year, and were charged with the taxes paid, and the expense of improvements.

The plaintiff also alleges, upon information and belief, that said Horace Howe, Jr., died out of the State about the year 1862, or 1863; that he left no will, and no widow or children, and that Horace Howe is the father, and the only surviving heir-at-law of the said Horace Howe, Jr.; that on or about the 11th day of March, 1870, said Nathan Howe,

and his wife, and the said Horace Howe, for the consideration of one hundred and fifty dollars, conveyed, by quit-claim deed, all their right, title and interest in the said premises, to said defendant T. J. Baxter, who took, with full notice of plaintiff's mortgage, possession and rights in the premises. The plaintiff also sets out in the complaint a copy of the mortgage; but it is not alleged, nor does it appear, that any personal obligation for the payment of the debt was given by the mortgagors, or by the defendant; nor is there any covenant in the mortgage for the payment of the sum intended thereby to be secured.

Plaintiff prays relief, that said account be examined, and after ascertaining the balance due upon the mortgage, that the said premises be decreed to be sold and said balance and the costs and disbursements of the suit be paid out of the proceeds.

The question raised by the demurrer, is as to whether the suit has been commenced within the time limited by the Code of Civil Procedure.

Section 378 of the Civil Code provides that a suit shall be commenced within the time limited to commence an action, as provided in title second, chapter one, of the Code, and further provides, "That a suit for the determination of any right or claim to, or interest in real property shall be deemed within the limitation provided for actions for the recovery of the possession of real property."

Section four, title second of chapter one of the Code, provides that actions for the recovery of real property, or for the recovery of the possession thereof, shall be commenced within twenty years. And subdivision two of section five, title second, chapter one, provides that actions upon sealed instruments shall be commenced within ten years. The case at bar falls within these provisions of the statute, and it will readily be observed that if it is a "suit for the determination of any particular right or claim to, or interest in real property," the time is limited to twenty years. But if it is a suit upon a sealed instrument, and not for the determination of any right or claim to, or interest in real property, then it is limited to ten years.

Formerly, a mortgage of real property was regarded as a conveyance of the legal title, subject, of course, to be defeated by the performance of a condition, and this doctrine still prevails to some extent. Courts of equity, however, have always regarded a mortgage as a mere security for a debt, and the foreclosure thereof as a proceeding to satisfy the debt secured thereby; and Courts of law as well as Courts of equity, in many of the States, have taken the same view; that is, that a mortgage was a mere lien or pledge, and that the general title to the mortgaged property was in the mortgagor. In the language of one of the authorities, "The mortgagee has neither a *jus in re* nor *ad rem*, but a specific lien, similar in character to a general lien created by a judgment upon the land of the judgment-debtor. (3 Denio, 232.) However this may be, as a matter of strict law, I am satisfied that a suit to foreclose a mortgage is not for the determination of any right or claim to, or interest in real property, but a proceeding to have the mortgaged property adjudged to be sold to satisfy the debt secured thereby; at least this is in accordance with the express provisions of our statute. (Civ. Code, ₴ 410.) In such a suit the title to the mortgaged premises is in nowise drawn in question. The adjudication is merely as to the fact of the execution of the mortgage, the amount due thereon, and the sale of the property to satisfy the debt secured. It is the mere collection of a debt charged upon specific property by resorting to the property as a means of satisfying it. If it were a suit to divest a party of title, or to establish some right regarding the title to real property, it would stand upon a different footing; but the mortgage being in equity only a chose in action, a suit to foreclose it is more analogous to an action upon a sealed instrument, and should be governed by the same rule of limitation.

Another question which arises in this case is, whether the time the mortgagor, when the cause of suit shall accrue, or after it accrues, is out of the State, shall be deemed a part of the period of limitation.

Section sixteen, page 143, Civil Code, provides as follows: "If, when the cause of action shall accrue against

any person who shall be out of the State,   *  *  *  *
such action may be commenced within the times herein
respectively limited, after the return of such person into
the State; and if, after such cause of action shall have ac-
crued, such person shall depart from, and reside out of
this State,   *  *  *  *  *   the time of his absence shall
not be deemed or taken as any part of the time limited for
the commencement of such action." It is urged that the
provisions of the above section should be made applicable
to this case; that the time for the commencement of a suit
being limited by § 374 of the Code, before mentioned, to
the time for the commencement of an action, as provided
by title second, chapter one, it must, in all cases, be taken
with the qualifications contained in said title. I do not
think that view a reasonable construction of the statute.
The provision referred to, that a suit shall only be com-
menced within the time limited to commence an action, is
a declaratory Act. A Court of equity always would refuse
relief where, under like circumstances, the claim would be
barred at law by the Statute of Limitations; although the
statute, in terms, should be applicable to Courts of law
only. Equity, in such cases, acts by analogy to the rules
of law. (Story's Equity Juris. § 64.)

I cannot think the Legislature intended that the qualifi-
cation referred to should apply, except where the circum-
stances are similar. If the relief sought had been a decree
*in personam,* the analogy would be sufficiently complete,
and the period of such absence not be included as any part
of the time limited. Such absence in that case would
suspend, or at least affect the party's remedy, which is the
only reason for the exception. In this case, the plaintiff
can claim no remedy, except to have the property in ques-
tion adjudged to be sold to satisfy the debt secured there-
by. It was in effect a proceeding *in rem,* and the absence
of the mortgagors did not interfere with the prosecution of
his remedy, or render it less effectual. If the absence of
the mortgagors in this case prevented the Statute of Limita-
tions from running, then the same result would have fol-
lowed if the premises had been sold to defendant the next

day after the execution of the mortgage, and he had gone into possession and remained in possession thereof; and in fact, the statute would never run so long as the mortgagors should remain away from the State. Where a personal obligation is sought to be enforced, the provisions of § 16 referred to, would undoubtedly apply; but where the only remedy is against the property, which has a fixed *situs*, the construction contended for would be unreasonable.

It is also claimed that as the mortgagee and his assignee, the plaintiff, took and retained possession of the mortgaged premises, after their abandonment by the mortgagors, and made improvements, and received the rents and profits, and used and occupied the same, it took the case out of the Statute of Limitations. That the mortgagors, and their grantee, the defendant, having the right to compel the plaintiff to account for such use and occupation, and to apply the same towards the payment of the debt, the plaintiff therefore has the right to make such application, and it will in effect be a payment, and bring the case within the provisions of § 25 of said Article Second. Said § 25 provides that, "whenever any payment of principal or interest has been, or shall be made, upon existing contract, whether it be a bill of exchange, promissory note, bond or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made."

I do not think we are called upon at this time to determine the rights of a mortgagee in possession, so far as his right to defend his possession until the debt secured by the mortgage is paid. That question does not properly arise at this time. Had this been an action by the mortgagors, or their grantees, to recover possession of the mortgaged property, it would have been pertinent, and the list of authorities, cited by the appellant's counsel upon that point, been entitled to consideration; but it is a suit to foreclose a mortgage, and the right to the possession, its being lawful or unlawful, is of no consequence. The view I take is: That a mortgagee, or his assignee in possession, in a suit to fore-

close the mortgage occupies no more favorable position than if out of possession; that his right to maintain possession under a mortgage, when he has lawfully acquired it, if he has such right, does not depend upon his having a remedy to foreclose the mortgage. His remedy, by action or suit, may be barred and still the obligation of the debt be unimpaired; that he might have the right to hold the property as a pledge, when he could not enforce a collection of his debt in an ordinary way. The Statute of Limitations only goes to the remedy by *action* or *suit*.   (14 N. Y. 16.)

If a payment made by the mortgagor upon the mortgage debt, after the same becomes due, brings the case within the provisions of said § 25, and the limitation only commences from the time of such payment, yet I cannot regard the payment contended for by plaintiff's counsel as the kind of payment contemplated by the statute referred to.   A payment by a debtor of a part of his debt is equivalent to a new promise to pay the debt.   Such payment, however, must be the direct, voluntary act of the debtor. A payment by operation of law, or acknowledged by the creditor on account of an equitable set-off, or counter claim which the debtor might insist upon, but which he has never claimed to have applied as such, cannot be regarded as such payment, and an application by the creditor of such matter as payment, without the assent of the debtor, would not prevent the running of the Statute of Limitations. Had the facts been, that the mortgagee went into possession under an agreement with the mortgagors that he should occupy the premises and apply the rents and profits in extinguishment of the debt and interest, the case would have been different upon that point. If the application of the rents had been under such an arrangement, expressly made between the parties, I think it would have been such a payment as I have indicated; but under the circumstances there has been no mutuality, no meeting of the minds of the parties, a mere *ex parte* application, and nothing upon the part of the mortgagors showing an intention to acknowledge a binding, existing obligation on their part.

The judgment of the Circuit Court should therefore be affirmed.