## Case No. 4,544.

### EUBANKS v. LEVERIDGE.

[4 Sawy. 274; 9 Chi. Leg. News, 394; 4 Law & Eq. Rep. 349; 23 Int. Rev. Rec. 281.][1]

Circuit Court, D. Oregon. Aug. 6, 1877.

Walter W. Thayer, for plaintiff.

James G. Chapman and James K. Kelly, for defendant.

DEADY, District Judge. This suit was commenced in the circuit court of the state for Lane county against the defendant Leveridge and Arthur I. Chapman. So far as Leveridge is concerned, it is brought to foreclose a mortgage upon his interest as grantee of said Chapman in the south half of section 35, in township 17 south, and range 4 west of the Wallamet meridian, and situate in Lane county.

On April 18, 1877, said court, on the application of Leveridge, made an order removing the cause as to him to this court. Here the cause was brought to a hearing upon the

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 4 Law & Eq. Rep. 349, contains only a condensed report.]

complaint filed in the circuit court, and the demurrer of Leveridge thereto.

Several causes of demurrer are assigned in the demurrer, but on the argument only one was insisted upon, namely: that the suit was barred by lapse of time.

From the complaint it appears that on July 18, 1860, Thomas and Arthur I. Chapman, being the owners in common of the premises in question, duly mortgaged the same to Joseph Bromley, to secure the payment of their joint promissory note, of even date therewith, for the sum of $2776, payable in twelve months from date, with interest at twenty-five per cent. per annum; that on September 20, 1860, said Bromley duly assigned said note and mortgage to Campbell E. Chrisman; that about the same date, said Arthur I. Chapman removed from Oregon to what is now known as Idaho territory, where he has ever since remained; that about August 9, 1861, said Chrisman commenced a suit in the circuit court aforesaid, against said Thomas and Arthur I. Chapman and Joseph Bromley, to foreclose said mortgage and recover the amount of said note, in which, on November 1, 1861, a decree was given against said defendants for the sum of $3663.50, to bear interest at the rate of twenty-five per cent. per annum, and for the sale of said premises to satisfy the same; that afterwards said Chrisman purchased said premises at the sale upon said decree for $500, which sum, less $44.25, costs and expenses, was applied on said decree; that at the term of April, 1862, of said circuit court, said sale was confirmed, and a deed made by the proper officer to said Chrisman, which purported to convey to the grantee therein, all the interest of both said Chapmans in said premises; that on January 14, 1865, said Chapmans paid on said decree the further sum of $1800, and the remainder thereof is still unpaid; that said Arthur I. Chapman was never served with process in said suit or appeared therein, and that said decree, sale and conveyance as to him was void and of no effect; that said Arthur I., in 1875, sold his interest in said premises to the defendant Leveridge, who took the same with notice of these facts; that on November 18, 1876, said Chrisman duly assigned said note and mortgage to the plaintiff, and that there is now due and owing on the former the sum of $4000 or more.

The complaint prays that a decree may be given against Chapman for the sum due upon the note, and for the satisfaction of the same by the sale of the undivided half of the premises conveyed by him to Leveridge, and that said Chapman and his assigns be barred of all rights of redemption in the same.

The suit commenced by the plaintiff in the circuit court of Lane county had a double object: the one to obtain a personal decree against Chapman for the amount due on the note, the other to obtain a decree foreclosing the mortgage and for the sale of the mort-

gaged premises. The removal into this court as to Leveridge had the effect to discontinue that suit as to the second object, and institute one in this court for a like purpose. The suit against Chapman is not in this court.

The interest of the mortgagor, Chapman, in the premises has been conveyed to Leveridge, subject to the lien of the mortgage, and therefore this suit is to be considered as one brought by the plaintiff in this court to obtain a foreclosure of said mortgage, and the sale of said interest therein. To this suit, Chapman is not a party, and so far as appears, it is one in which he has no direct interest.

Is this suit then barred by lapse of time? By the law of Oregon an action to recover the possession of real property is barred, unless brought within twenty years from the time the cause of action accrued (Civ. Code, §§ 3, 4); and a suit in equity for the "determination of any right or claim to, or interest in real property," is barred in the same time (Id. § 378). An action or a suit upon a sealed instrument must be brought within ten years. Id. § 5. But if a person is out of the state when a cause of action or suit accrues against him, or he is absent therefrom after it accrues, the time of such absence shall not be taken as a part of the limitation. Id. §§ 16, 378.

In Anderson v. Baxter, 4 Or. 107, it was held by the supreme court of this state that a mortgagee had no interest in the mortgaged premises, but only a lien thereon to secure the payment of his debt, and that, therefore, a suit to foreclose a mortgage was not a suit for "the determination of any right, or claim to, or interest in real property" which might be brought within twenty years; that such proceeding was only a suit upon a sealed instrument, the mortgage, for the "collection of a debt charged upon specific property" by subjecting the same to sale for that purpose. This ruling is binding on this court, and was followed by it in the late case of Witherell v. Wiberg [Case No. 17,917]. In Anderson v. Baxter, it was also held that a suit to foreclose a mortgage was simply in effect a proceeding, not against the person of the mortgagor or his assigns, but in rem, against the property mortgaged; and therefore the qualification contained in section 16, supra, concerning the absence from the state of a person against whom a cause of action accrues, does not apply to such a suit.

The reason given is that where the cause of action or suit accrues "against a person," and the remedy thereon is therefore in personam, as an action or suit to recover a debt from a debtor, then the absence of the person, the debtor, from the state suspends the remedy, and therefore the time of such absence ought not to be taken as a part of the limitation. But where the remedy is in rem, as a suit for the mere enforcement and satisfaction of the lien of a mortgage, then the absence of the mortgagor or debtor in no way suspends or interferes with the prosecution of such suit, and therefore the time

of it ought not to be deducted from the limitation in such case.

It is admitted that this ruling is also binding upon this court, but it is sought on behalf of the plaintiff to distinguish this case from that of Anderson v. Baxter, because it appears that there is also a personal obligation for the payment of the debt in the one, while it does not appear that there was such obligation in the other.

But the court in Anderson v. Baxter does not appear to have attached any importance to that fact; besides which, the report does not state whether there was any such obligation in the case or not.

But I apprehend the true doctrine to be, that the remedy upon the note and mortgage is like the transaction itself, two-fold. The making and delivery of the note, and the failure to pay the same according to its tenor, gives the holder thereof a right of action against the maker upon which he can obtain a personal judgment for the sum due thereon. So, the execution and delivery of the mortgage creates a lien upon the property included in it, to secure the payment of the sum mentioned in the note, and in case of a default in such payment, a suit may be maintained upon this "sealed instrument," the mortgage, to enforce such lien for the purpose of paying the debt.

Notwithstanding section 410 of the Code provides that in a suit "to foreclose a lien," where there is also a personal obligation for the payment of the debt, "in addition to the decree of foreclosure and sale," a decree may be given against the person giving the same for the amount thereof, yet I apprehend that either the remedy upon the personal obligation or the mortgage may be pursued for the collection of the deed without reference to the other. Roosevelt v. Carpenter, 28 Barb. 429; Pratt v. Huggins, 29 Barb. 282; Waltermire v. Westover, 16 N. Y. 19. In Pratt v. Huggins, it was held that a debt may be collected by the enforcement of the lien of a mortgage created by sealed instrument after an action upon the promissory note given for the same is barred. To the same effect is Thayer v. Mann, 19 Pick. 537; Eastman v. Foster, 8 Metc. [Mass.] 24; Bank of the Metropolis v. Guttschlick, 14 Pet. [39 U. S.] 32. In the last case, it is distinctly held that the extinguishment of a note by a judgment upon the same did not operate to extinguish a collateral remedy for the same debt under a deed of trust—in effect a mortgage. These authorities go to show that the holder of a note and mortgage has two distinct remedies for the collection of his debt, and that they exist and may be pursued independently of each other. Apply this conclusion to this case. But for the fact that the mortgagor and maker of the note has been absent from the state since before the note became due, the remedy upon the note would have been barred in six years. Not so, however, with the remedy

upon the mortgage, which is not barred until the lapse of ten years. The supreme court of the state having decided that the absence of the debtor from the state, which prevents the statute of limitations from running as to the remedy upon his personal obligation, does not affect the remedy upon the mortgage, because the latter remedy may be as well pursued during the debtor's absence as his presence, it follows that the remedy upon the mortgage is barred, irrespective of that upon the note. The remedies are not identical nor necessarily co-existent.

This property now belongs to Leveridge, and, as was said in Wood v. Goodfellow, 43 Cal. 189, he stands in the same relation to the plaintiff as if he had originally made this mortgage upon his own property to secure the debt of Chapman. Chapman has now no interest in the property, and Leveridge never was under any personal obligation to pay this debt. True, if when the latter purchased the property it was charged with the payment of the grantors' debt, then he took it cum onere. But the mortgage by which alone this burden was imposed is a contract under seal. The law which entered into and became a part of this contract expressly provided that the lien or security thereby created should not be enforced by suit unless brought within ten years of the time the cause of suit occurred. The only ground upon which the plaintiff can or does claim that the lien of the mortgage ought to be enforced in this case, notwithstanding the lapse of time, is the absence of the mortgagor from the state. But Anderson v. Baxter decides that fact does not prevent the statute from running, and therefore the question is not an open one in this court. Upon the authority of that case then, and even in my judgment upon the reason in the matter, the demurrer must be sustained.