## Case No. 5,802.

### GREGORY v. MARKS.

[8 Biss. 44; 4 Law & Eq. Rep. 283; 9 Chi. Leg. News, 394; 23 Int. Rev. Rec. 281.][1]

Circuit Court, N. D. Illinois.    Aug., 1877.

DECLARING NOTE DUE UNDER CLAUSE IN TRUST DEED.

Where a clause in a trust deed provided that the indebtedness secured thereby was to become wholly due and payable in case of default in the payment of interest, the note and trust deed, being contemporaneous instruments, must be construed together, and if default is made in payment of interest, the whole indebtedness becomes due, and the holder of the note may pursue the maker of the note by a personal judgment after exhausting the securities.

[See Atlantic Ins. Co. v. Conard, Case No. 627.]

This case was submitted to the court upon an agreed statement of facts, which are, that on May 1, 1874, the defendant, Enoch Marks, borrowed of Ann Y. Boardman the sum of $12,500, for the term of five years, with interest at ten per cent. per annum, payable semiannually; that the said defendant, Enoch Marks, executed his promissory note for said debt, a copy of which is given in the stipulation, and certain interest coupons; that accompanying said principal note were ten interest coupons for the sum of $625, each payable, etc.; that the said defendant, Enoch Marks, and Margaret A. Marks, his wife, at the same time, and contemporaneously with the execution of said note, executed and delivered their trust deed, dated May 1, 1874, to Willis G. Jackson, trustee, conveying certain property as security for the payment of said debt; and in said deed of trust it was provided that in case of default in any of the said payments of principal or interest, according to the tenor and effect of the said promissory notes, or either of them, or any part thereof, or of a breach of any of the covenants or agreements therein by the party of the first part, his executors, administrators

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 4 Law & Eq. Rep. 283, contains only a partial report.]

or assigns, then in that case the whole of said principal sum thereby secured, and the interest thereon to the day of sale, might, at the option of the legal holder thereof, become due and payable, and the said premises be sold with the same effect as if said notes had matured. It is further stipulated, that the said Ann Y. Boardman, for value received, assigned the said principal and interest notes to the plaintiff [Sarah W. Gregory]; that subsequently said defendant made default in the payment of interest due on May 1, 1876, and the premises were sold by the trustee, and there was a balance left unpaid, for which this suit is brought.

Lyman & Jackson, for plaintiff.
H. S. & F. S. Osborn, for defendant.

BLODGETT, District Judge. The only question in the case is whether the party can maintain a suit at law for this balance upon this note.

The note, on its face, is not yet due; but by the terms of the trust deed, the indebtedness secured by the note was to become wholly due and payable in case of default in the payment of interest. This stipulation is found in the trust deed, which was contemporaneous with the note, and must be deemed a part of the same contract with the note.

Something like a year ago I had a kindred question to this before me, and having in my mind a Missouri case which I had read a few months before that, upon the same question, I refused to render judgment at first, although subsequently, as there was no defense made, I allowed the plaintiff to take judgment; [but at the time plaintiff called the case up at first, I told him I did not think he could take it. The same attorney is now defending this case and cites—what is always very troublesome to the court—the former decision, as authority. He will bear in mind, with reference to my former decision, that he subsequently came in, and inasmuch as the defendant had made a default and put in no defense, I allowed him to take judgment, although he only showed a note which had not matured by its terms, but had only matured by virtue of the clause in the trust deed.] [2]

On looking up the Missouri case, which was in my mind, I find, however, that so much of the case as appeared to bear on this case is really obiter. The case there was this—A. made a mortgage upon certain real estate, or rather gave his note, and to secure the payment of the note, gave a mortgage upon certain real estate, and in the mortgage covenanted that in case of default in the payment of interest, the whole debt should become due and payable. A. sold and conveyed the mortgaged premises to B. Default was made in payment of the indebtedness, and B. being in possession of the mortgaged premises, the mortgagee filed a bill against A., the original mortgagor, and

B., the grantee of the mortgagor, making them both parties to the foreclosure proceeding, and the court rendered a judgment of foreclosure, and ordered the premises to be sold, and on the coming in of the report of the commissioner making the sale, there being a deficiency, rendered a personal judgment against the purchaser of the equity of redemption as well as against the original mortgagor and the promissor in the note which was given.

On error to the supreme court, taken in behalf of the purchaser B., this opinion was given, to which I have referred; and in the course of its discussion of the question, the supreme court say: "The clause in the trust deed is only put there for the purpose of marshaling the security, and not for the purpose of maturing the note for any other purpose than that of applying the securities."

It was not necessary that the court of Missouri should decide that point, for the purpose of disposing of the case before it, because the only question there was whether they had the right to take a personal judgment against the purchaser.

The law is well settled in this state, that where two contracts, relating to the same subject matter, are made at the same time, they form but one contract, and are to be construed together; and I know of no reason why any exception to the rule should be applied to the case before me.

The question is, does this note and trust deed, when taken together, make the note become due at an earlier day, in the happening of certain contingencies, than the note alone upon its face requires, or would allow; and I am opinion that it does; that the two contracts are to be construed together, and that when construed together, if default is made in the payment of interest, the whole indebtedness becomes due, and that the holder of the note may pursue the maker of the note by a personal judgment, after exhausting the securities. I shall therefore render judgment in favor of the plaintiff.