### CARKLIN v. GRIGSBY et al.
No. 1991–KA.

District Court of Alaska. First Division. Ketchikan.
Sept. 24, 1938.

Ziegler & King, of Ketchikan, for plaintiff.
W. C. Arnold, of Ketchikan, for defendants.

ALEXANDER, District Judge.

This is a suit for the foreclosure of a real estate mortgage in defense to which the defendant Flower has plead the six-year Statute of Limitations. The questions before the court for determination are, 1: Is the mortgage in question a sealed instrument; and 2d: Does the six-year Statute or the ten-year Statute of Limitations apply thereto.

The facts in this case are briefly, as follows: On October 28, 1927, George B. Grigsby executed his promissory note, secured by a real estate mortgage, on certain real property then owned by him, to John Carklin, which mortgage was duly delivered to Carklin and later recorded as required by law.

On August 29, 1930, Grigsby conveyed the real property in question to R. W. Erwin, who thereafter on April 14, 1932, conveyed the said property to John H. Flower, one of the defendants herein.

On August 28, 1937, more than six years, but less than ten years, after the execution of said mortgage, the mortgagee John Carklin commenced the above action to foreclose the same, making George B. Grigsby and John H. Flower, the then owner of the mortgaged premises, defendants in said suit.

The defendant John H. Flower having failed to appear, his default was entered in said case on April 2, 1938, and on April 7, 1938, judgment was entered foreclosing said mortgage.

Thereafter, on April 21, 1938, a motion was filed by the defendant John H. Flower to vacate the judgment, and asking leave to move for a new trial or by other appropriate proceedings to assert such defenses herein as he may legally have, which motion was supported by his affidavit seeking to excuse his apparent neglect to sooner appear. The plaintiff thereupon filed a counter affidavit by Walter B. King, and a demurrer to said petition.

On April 21, 1938, the motion of defendant Flower to vacate the judgment and be permitted to defend was grant-

ed; and on April 23, 1938, the defendant Flower filed his answer, in which he alleges that the action was barred by the statute of limitations and that the lien of the mortgage had expired by operation of law.

The question is as to whether or not the time within which suit must be brought to foreclose this mortgage is governed by the second subdivision of Section 3355, C.L. A., permitting actions upon sealed instruments to be commenced within ten years, or whether the suit is governed by the first subdivision of Section 3356, C.L.A., which requires actions upon express contracts other than sealed instruments to be brought within six years.

The pertinent parts of the statutes in question read as follows:

(When Actions shall be Begun)

"Sec. 3355. Within ten years— * * *

"Second. An action upon a sealed instrument."

"Sec. 3356. Within six years—

"First. An action upon a contract or liability, express or implied, excepting those mentioned in section 3355."

The question of whether or not the lien of the mortgage expired by operation of law prior to the beginning of this suit is governed by these statutes, since Section 2860, C.L. A., provides in substance that the lien of a mortgage shall expire by operation of law unless prior to the expiration of the statutory time for bringing suit thereon a payment is made and a memorandum of such payment recorded in the recording district where the real estate is situated. It is admitted that no such memorandum was filed.

As a practical matter, the whole case turns on the question of whether or not the mortgage sought to be foreclosed is a sealed instrument. If it is a sealed instrument the suit to foreclose it is governed by the ten-year statute and was brought within the time. If it be an unsealed instrument the suit to foreclose is governed by the six-year statute and was not brought within the time required, and recovery is therefore barred.

Plaintiff agrees, in his answering brief, that these are the issues. He states: "We agree with counsel for defendant Flower that the sole and only question involved in this controversy is whether or not the time within which suit must be brought to foreclose the mortgage involved in this case is governed by the second subdivision of Section 3355, C.L.A.1933, permitting actions upon sealed instruments to be commenced within ten years, or whether the suit is governed by the first subdivision of Section 3356, C.L.A.1933, requiring actions upon express contracts other than sealed instruments to be brought within six years; and that the whole case turns on the question as to whether or not the mortgage sought to be foreclosed in this case is a sealed instrument."

The question as to whether or not the mortgage is a sealed instrument is one of fact to be determined by the court upon an inspection of the instrument itself. Ruling Case Law (24 R.C.L. 695, par. 5) states the applicable rule as follows: "Whether an instrument is under seal or not is a question for the court upon an inspection; whether a mark or character shall be held to be a seal depends upon the intention of the executant as shown by the paper." Langley v. Owens, 52 Fla. 302, 42 So. 457, 11 Ann.Cas. 247; Cromwell v. Tate's Ex'r, 7 Leigh, Va., 301, 30 Am. Dec. 506.

An inspection of the mortgage itself, a copy of which is attached to plaintiff's complaint, shows the utter absence of any seal or anything that might be construed as such, nor does the body of the instrument contain any reference to a seal. Furthermore, there is no scroll or other mark nor any word or expression in the mortgage indicating any intention upon the part of the mortgagor to vest the instrument with the dignity and formality of a sealed instrument.

The plaintiff admits the total absence of any seal, scroll or other mark or any words or expression in the mortgage itself, indicating an intention upon the part of the mort-

gagor to make the instrument a sealed instrument. He, however, contends: "While it is true that there is no private seal or scroll or other mark as a substitute therefor to be found on the instrument in question, yet it will be plainly noted that in the acknowledgment of this instrument the mortgagor, under oath, stated that he signed and sealed the same," thereby indicating an intention on the part of the mortgagor to make the mortgage a sealed instrument.

In this connection the plaintiff argues that it must be borne in mind that the mortgage was drafted by the mortgagor who is a lawyer and that "It must therefore be inferred that Carklin demanded, and Grigsby promised and agreed to execute and deliver to the mortgagee, a good, valid and legal mortgage, by which is meant a mortgage vested with the dignity and formality of a. sealed instrument," etc. and that this inference is borne out by the fact that in the acknowledgment of the same the mortgagor plainly stated that he signed and sealed the same.

The fallacy of this argument lies in the fact that there is nothing in the evidence from which the court can draw any such inferences. There is nothing before the court in the way of testimony indicating that the parties ever talked about what kind of a mortgage should be given by the mortgagor to the mortgagee, much less that they agreed that any particular kind of a mortgage should be given, or as to what the wording of such a mortgage should be. The facts are, however, that the mortgagor did execute and deliver to the mortgagee a good, valid and legal mortgage which, if any inferences or presumptions are permissible, is the most that could be inferred or presumed to have been intended; and if the plaintiff slept on his rights and permitted his mortgage to become outlawed, that he did so without any fault of the mortgagor.

It is next contended that the law implies mortgages to be sealed instruments, and as authority therefore he cites the cases of Anderson v. Baxter, 4 Or. 105–110, and Eu-

banks v. Leveridge, Fed.Cas.No.4544, 4 Sawy. 274, which he claims hold that "Mortgages are declared to be instruments under seal." These cases, however, do not so hold.

Our Code specifically provides: "Sec. 3276. Private seals abolished. Private seals, and scrolls as a substitute therefor are abolished and are not required to any instrument, but the effect thereof, when used, shall remain unchanged." And this has been the law in this jurisdiction since the adoption of the Carter Code.

Plaintiff then asks, "Can the mortgage be corrected so as to make it a sealed instrument?" and answers in the affirmative by contending that if the mortgage is not a sealed instrument that the court has the power to declare it such or to order it made so.

In support of this proposition he cites various cases holding in effect that where a grantor, by inadvertence or mistake, or contrary to the agreement of the parties, fails to place a seal upon an instrument, that equity will re-form it to conform to the agreement of the parties.

These cases, however, are not in point, for the reason that there is no evidence of any inadvertence or mistake or error in the execution of the instrument or any agreement or intention of the parties that the mortgage should have been made otherwise than as made.

Counsel for plaintiff say that they believe the instant case to be not only a case of first impression in the Territory, but one of the first magnitude, for the reason,— "That for more than twenty years the bench and bar of the Territory have treated deeds, mortgages and other conveyances of real property without seal as valid, legal and sufficient instruments, and for the same period have considered the second subdivision of our Section 3355, C.L.A. 1933 (the Ten-Year Statute) as applicable to the foreclosing of real estate mortgages, whether under seal or not."

I am not in a position to say how much of this astounding statement is true, but it is wholly immaterial whether

any or all or either the bench and bar entertain such views of the. law, as that is not what determines the matter.

A careful examination of all the authorities available has failed to disclose any text or case wherein a mortgage is considered or presumed to be a sealed instrument by, implication, where the presence of a seal or any reference thereto is wholly lacking. They do, however, hold the presence of a seal, where required, is not a mere formality, but is a matter of substance. In passing on this question the Supreme Court of Oregon said: "A seal, then, is still something more than a mere formality in the execution of the instrument under our law, but is a matter of substance, and not of surplusage, giving or imparting to the instrument certain legal effects which do not attach to unsealed instruments as the statutory limitation." Osborne & Co. v. Hubbard, 20 Or. 318, 25 P. 1021, 1022, 11 L. R.A. 833.

This view of the law is particularly pertinent to our own statutes which provide that the ten-year statute shall apply to actions upon sealed instruments, supplemented by Section 3276, C.L.A., which provides: "Private seals and scrolls as a substitute therefor are abolished and are not required to any instrument, but the effect thereof, when used, shall remain unchanged."

It is therefore doubly vital in this jurisdiction that instruments purporting to be under seal should be plainly and unequivocally so drawn in order to distinguish them from other instruments of a less solemn character, and the rule as to what constitutes a sealed instrument should be strictly interpreted in this jurisdiction on that account.

The parties to instruments of this character may make them sealed instruments if they so desire and thus bring them within our ten-year statute. If they do not choose to avail themselves of that opportunity the instrument must perforce be governed by the law applicable to .instruments not under seal and suit thereon must be brought

within six years or the action is barred and the lien expires by operation of law.

There remains for us only the question as to whether or not the recital in the acknowledgment that "he signed and sealed the same" would make the mortgage in question an instrument under seal.

■ It is well settled that the acknowledgment is no part of any instrument, but simply a formality attending its execution, and this on the theory that the acknowledgment is taken and subscribed by a notary, and the words of the acknowledgment are the words of the notary, and not of the parties to the instrument.

The cases go much further, however, and hold that words similar to those here used in the acknowledgment, even when used in the body of the instrument, do not make the instrument one under seal.

In the case of Echols v. Phillips, 112 Ga. 700, 37 S.E. 977, the suit was on a promissory note. There was no recital in the body of the note that it was under seal, but underneath the body of the note in the attestation clause were found the words, "Signed, sealed, and delivered in presence of." In construing these words the court said: "The words by which it is sought to make it appear that this was a sealed instrument were on a portion of the paper where witnesses ordinarily attest, and in the language generally used for such attestation. There is nothing to show that the maker intended to use the words as his own. We therefore think that the court erred in deciding that this was a sealed instrument, and in refusing to direct a verdict for the defendant below on the ground that the note sued on was barred by the statute of limitations."

Again, we find the rule stated by the Supreme Court of Virginia, thus: "The true doctrine is stated with great clearness by Chief Justice Tilghman in the case of Taylor v. Glaser, 2 Serg. & Rawle [Pa., 502] 504. 'There are two principles,' says he, 'well founded: one, that although

in the body of the writing it is said that the parties have set their hands and seals, yet it is not a specialty unless it be actually sealed and delivered: another, that if it be actually sealed and delivered, it is a specialty, although no mention be made of it in the body of the writing. The fact, and not the assertion, fixes the nature of the instrument.' " Parks v. Hewlett, 9 Leigh 511, 36 Va. 511.

The rule is also stated in 56 C.J. p. 895, where the author, in speaking of a similar recital, and discussing when an instrument is under seal, says: "The presence of such a recital will not change the character of an instrument to which no seal is affixed."

The case of Burnette v. Young, 107 Va. 184, 57 S.E. 641, 12 Ann.Cas. 982, is further authority on this question. There the court said: "A deed concluding with the words, 'Witness the following signature and seal,' is not on that account a sealed instrument where no seal or scroll is actually affixed to the signature."

This question was also considered by the Supreme Court of Florida in Williams v. State, reported in 25 Fla. 734, 6 So. 831, 832, 6 L.R.A. 821. The court, after reviewing the decisions on this question, including one of the Supreme Court of the United States, United States v. Linn, 15 Pet. 290, 10 L.Ed. 742, said: "Although in the body of a writing it is said that the parties have set their hands and seals, it is not a bond unless it has been actually sealed and delivered."

 What is said about the wording in the body of an instrument undoubtedly applies with even greater force to similar language employed in the acknowledgment, for the reasons already pointed out, and there is only one conclusion that can be drawn therefrom, viz: that in order to convert a mortgage into a sealed instrument, especially under our statute, it is necessary that some seal or scroll or mark that can be identified as a seal be affixed thereto, and that the mere recital that the same is under seal, whether such recital appears in the body of the instru-

ment, or in the acknowledgment, is insufficient. In accord with these views we hold that the mortgage in question is not a sealed instrument, and that our six-year statute applies.

It therefore follows that judgment must be for the defendant Flower, and it is so ordered. Each party will pay his own costs.