Hood v. Young.

Opinion delivered November 26, 1928.

Hill, Fitzhugh & Brizzolara, for appellant.
Dobbs & Young, for appellee.

HART, C. J., (after stating the facts). The decree of the chancellor was wrong. The testimony of J. M. Young and J. W. Young, to the effect that E. W. Hood came into their office and told them, in the presence of Reginald Lane, that he was going to assume the payment of the mortgage indebtedness when he purchased the property from Lane, does not entitle Young to recover against Hood the amount of the mortgage indebtedness. Suppose it to be true that Hood did tell Young that he was about to purchase the property from Lane and would assume the mortgage indebtedness, he evidently afterwards changed his mind. He not only did not execute the deed which had been prepared by Young to that effect, but he had his attorneys prepare a new deed, in which he stated that he had purchased the property subject to the mortgage of Young. He executed the deed in this form, and delivered it to Lane. Lane accepted the deed, and its terms became the contract between the parties. The clause in the deed to the effect that the deed was made subject to the mortgage of Young was contractual in its nature, and bound the parties. It could not have even been contradicted by parol evidence. *Wilson* v. *Nugent,* 174 Ark. 1115, 299 S. W. 18.

The chancellor seems to have proceeded on the theory that the assumption of the mortgage indebtedness by Hood was a part of the consideration for the execution of the deed by Lane to Hood. Hood denies that he ever agreed to execute a deed in this form. On the other hand, both of the Youngs testified that he did state to them, in the presence of Lane, that such was his agreement. This did not make any difference. Assuming it to be true, the parties evidently changed their minds. Instead of executing the deed with the clause that he assumed the balance of the Young mortgage, Hood declined to execute this deed, and had another one prepared by his attorneys, in which it was stated that the deed was subject to the Young mortgage. In this form the deed was executed by Hood and delivered to Lane. As we have just seen, the clause that the deed was subject to the Young mortgage was contractual in its nature, and became the contract between Hood and Lane, who were the contracting parties. There is no clause in it indicating that Hood assumed the Young mortgage. On the contrary, the deed expressly recites that it is made subject to the Young mortgage. Young was not a party to the contract between Hood and Lane, and had no rights under it except what the contract itself gave him. Hence the chancellor erred in holding that Hood agreed to assume the mortgage indebtedness to Young.

For that error the decree will be reversed, and the cause remanded with directions to dismiss the complaint against E. W. Hood. No appeal was taken by Nell A. Lane, and the judgment and decree of foreclosure against her are not affected by this appeal.