### TINNIN v. WILKIRSON et al.
### No. 2557.

Court of Civil Appeals of Texas. El Paso.
July 2, 1931.

Rehearing Denied July 9, 1931.

Paul Moss, of Odessa, for appellant.

Frazier & Averitte, of Hillsboro, D. Vance Swann and C. W. Tate, both of Odessa, and Jno. F. Weeks, of El Paso, for appellees.

WALTHALL, J.

Appellees, O. L. and Cad T. Wilkirson, a partnership, doing business under the firm name of O. L. Wilkirson Lumber Company, brought this suit against the Odessa Building & Finance Company, a domestic corporation. The suit was filed October 8, 1928, and is based upon an itemized verified open account for materials, sold and delivered, attached to the petition as an exhibit, and in value aggregating the sum of $2,978.15.

Defendant corporation answered to the November term, 1928, by general demurrer and general denial.

Plaintiffs had a writ of attachment issued, and on March 23, 1929, levied on a number of town lots in the town of Odessa, including the lots in controversy here.

On December 11, 1930, E. L. Tinnin intervened in the suit, and alleged in substance that on January 28, 1928, Florence Williams, a feme sole, was the owner of the real estate upon which plaintiff's attachment was levied; that she had possession and dealt with and managed said property as her own; states the incorporation of the Odessa Building & Finance Company; that, after such incorporation, Florence Williams conveyed the said real estate to said corporation, but that, in truth and in fact, she is the sole owner of the stock of said corporation and the owner of said real estate; that on January 2, 1928, and ever since, Florence Williams was and is indebted to him on an unsatisfied judgment in the sum of $1,595, interest and $66.20 court costs, and that the conveyance of said real estate to said corporation was to hinder intervener in the collection of said debt; that on September 25, 1928, intervener recovered judgment in the district court of Ector county against Florence Williams, for the amount above stated, and on October 2, 1928, an abstract of said judgment was duly filed and recorded in the judgment records of said county; that on May 21, 1929, intervener recovered judgment against Odessa Building & Finance Company for the same indebtedness, and on June 6, 1929, an abstract of said judgment was duly filed and recorded in the judgment records of said county, and that by reason of which intervener has a lien upon said real estate, which is superior to all other rights and liens asserted in this cause.

Henry Pegues intervened; alleged that he is the owner of lot No. 7, block No. 101, and lot No. 11, block No. 104, involved in this suit, and that his title and ownership is superior and prior to plaintiff's claim, and that of intervener Tinnin; that on March 19, 1929, the Odessa Building & Finance Company executed and delivered to C. W. Tate and John F. Weeks a promissory note in the sum of $2,000, due and payable in sixty days, and secured said note by a deed of trust on said lots; that said deed of trust was on same day duly recorded; that said note was not paid at maturity; the lots were sold at foreclosure sale under said deed of trust, and intervener was the purchaser; that Karl Crowley owned an undivided one-half interest in said lots, and intervener purchased Crowley's interest; that, when plaintiff's attachment was levied on said property, as the property of the Odessa Building & Finance Company, that company had conveyed said property by deed of trust; that intervener Tinnin's claim is against Florence Williams and not against the Odessa Building & Finance Company.

Motions were made and overruled, which we will refer to later, if necessary to a proper disposition of the case.

The trial court instructed a verdict in favor of Henry Pegues as to lot No. 7 in block No. 101, and lot No. 11 in block No. 104; the court instructed a verdict in favor of plaintiffs against the Odessa Building & Finance Company in the sum of its claim of $2,978, with foreclosure of its attachment lien on all property levied upon, except as to lot No. 7 in block No. 101 and lot No. 11 in block No. 104. Subject to plaintiff's lien and debt, as above, the court instructed a foreclosure in favor of intervener Tinnin of his judgment lien on all the real estate described in his intervention, except lot 7 in block 101 and lot 11 in block 104. The court entered judgment in favor of the parties, respectively, for the sums sued for, and the foreclosure of the liens as above.

Intervener Tinnin prosecutes this appeal.

### Opinion.

We will designate the parties as plaintiffs and intervener as in the trial court. Intervener Tinnin and plaintiffs file briefs.

The contention of Tinnin is substantially as follows: His judgment liens are superior to the title of Pegues and plaintiffs' attachment lien, because prior in time to the deed of trust in favor of Weeks and Tate and Crowley's judgment and plaintiffs' attachment; that the conveyance of the property by Florence Williams to the Odessa Building & Finance Company did not have the effect to pass the title, for the reason that she was the owner and subscriber of all of the capital stock except two shares owned, one share each by Abner Davis and T. C. Davis, and that she continued to remain in control and management of said property after said

conveyance, unquestioned by the other stockholders as such or as directors of the corporation; that the purpose of the conveyance from Florence Williams to said corporation, Odessa Building & Finance Company, was to hinder and delay intervener in the collection of his debt against her. Intervener also submits that the judgment is wrong because plaintiffs' attachment lien is subordinate and "subject to the equity which existed in favor of Tinnin against the Odessa Building & Finance Company to have his judgment satisfied out of the property attached"; that the evidence to the effect that Weeks and Tate, attorneys for Florence Williams and the Odessa Building & Finance Company, took the deed of trust, under which intervener Pegues claims title, with knowledge of the fact that said company was Florence Williams' alter ego; that she was financially embarrassed, and of knowledge of Tinnin's lien by reason of his prior judgment lien; that the judgment in favor of plaintiff and Pegues is wrong, because the evidence tends to show that the Odessa Building & Finance Company merely held title to the property in question as trustee for Florence Williams which all parties at all times knew.

Before beginning a discussion of the several liens and the priority of the one over the other, we note that none of the several claims, as to their validity, or the items or amounts, is questioned by any of the parties to the suit; so that the judgment rendered is involved only as to the priority of the liens asserted. Again, Florence Williams, individually, is not a party to this suit. Plaintiffs' suit is against the corporation, Odessa Building & Finance Company, and its lien is created by its attachment lien on the property in question, and is not predicated on the deed of trust, given by Florence Williams to plaintiff, as evidenced by the judgment. While plaintiffs had pleaded the deed of trust, the court foreclosed only as to the attachment lien, the reason therefor, probably being as suggested by Tinnin that plaintiffs had pleaded the deed of trust by their amended petition which was abandoned. If the correct result was reached, the judgment rendered would not be error, regardless of whether based upon the deed of trust or the attachment. 3 Tex. Juris. p. 1129, § 792, and cases.

Plaintiffs make no complaint that the trial court gave preference to intervener Pegues' claim, on the two lots involved, and we need make no comment as between them.

The only question presented is: Does the record show that intervener Tinnin has a preference claim over the claims of plaintiffs and Pegues?

On January 7, 1928, the Odessa Building & Finance Company was incorporated, and at that time Florence Williams transferred to the corporation the property involved here.

Later Tinnin's judgment was rendered against Florence Williams and was abstracted in Ector county on October 2, 1928; execution was issued to Ector county, and a nulla bona return made thereon.

On May 21, 1929, Tinnin recovered a judgment against the Odessa Building & Finance Company as garnishee on and for the amount of his judgment against Florence Williams. That judgment was abstracted in Ector county on June 6, 1929; execution was issued on the judgment against the garnishee, and a nulla bona return made thereon.

On April 8, 1927, Mrs. Florence Williams conveyed an undivided one-half interest in and to the property in controversy to Karl A. Crowley, and in a suit thereafter had between Florence Williams and Karl A. Crowley the court, by judgment of date October 8, 1928, decreed the title to said undivided interest in Crowley as of the date of the deed and not of the date of the judgment, and divested all right, title, and interest to said undivided one-half interest out of Florence Williams and the Odessa Building & Finance Company, and vested same in Karl A. Crowley.

The record does not show an appeal from that judgment.

It seems to us that under that litigation the title to at least one-half interest in the property involved here passed out of Florence Williams and Odessa Building & Finance Company, and the remaining one-half interest was then in the Odessa Building & Finance Company.

Pegues' title comes to him by deed from Crowley, of Crowley's one-half interest, and the other half from the foreclosure of a deed of trust executed by the Odessa Building & Finance Company at which foreclosure sale Pegues became the purchaser. We think under the facts disclosed by the record Pegues' title is free of any judgment lien against Florence Williams abstracted subsequent to her deed to Crowley, and subsequent to her deed to Odessa Building & Finance Company. The record shows no effort on the part of Tinnin or any one else to set aside the deed of trust executed by Florence Williams to plaintiffs or plaintiffs' attachment lien except incidentally in this case, and then apparently only to show that Florence Williams, by the deed of trust of May 15, 1928, was asserting ownership in herself to the property.

Tinnin's judgment against Florence Williams was abstracted on October 2, 1928, while Florence Williams' conveyance to the defendant Odessa Building & Finance Company was made on November 7, 1927. No question is made as to the sufficiency of the several conveyances and foreclosure sales to convey title. We think that under the record Tinnin is not in a position here as intervener

and lienholder against the property of Florence Williams to question the validity of the deed of trust or the attachment by plaintiff of the record title to property in the name of Odessa Building & Finance Company, or to assert any equities he might have by reason of his judgment lien against Florence Williams.

We have concluded that the court was not in error in instructing the verdict and entering judgment based thereon.

The case is affirmed.