WHITE *v.* WHITE.

4-5554                                                    131 S. W. 2d 4

Opinion delivered July 10, 1939.

*Geo. A. Hall,* for appellant.

HUMPHREYS, J.   This suit was brought in the chancery court of the northern district of Logan county on December 29, 1937, to obtain judgment on a note against Arabella White, widow of Bud White, and to foreclose a mortgage on certain real estate to secure same, making the sole and only heirs of Bud White parties to the action, who are the appellants herein. The note and mortgage were made exhibits to the complaint. The note and mortgage were executed by Bud White, and Arabella

White, his wife to J. N. White and G. W. Apple, the appellees herein, on July 12, 1927, and the due date of the note was December 24, 1927. The following payments appear on the note:

"Jan. 18, 1928, credit by lumber to J. N. White............$18.00
June 1, 1929, credit by timber to G. W. Apple................ 25.00
October 1, 1933, credit by hay to J. N. White................ 2.00
August 1, 1935, credit by hay to G. W. Apple............ 5.00."

The complaint alleges that appellants paid taxes of 1929 in the sum of $6.88, taxes of 1930 in the sum of $6.67, taxes for 1933-1936 in the sum of $23.16, which amounts together with interest thereon aggregate the sum of $44.22, and that the total amount due on the note with interest including taxes less the credits amount to the sum of $341.28, for which amount judgment is prayed with interest thereon from January 1, 1938, until paid at the rate of ten per cent per annum.

An answer was filed by appellants denying the material allegations of the complaint and averring that the credits appearing on the note were made without the authority or direction of appellants and that the date and right of foreclosure of the mortgage is barred by the statute of limitations.

The cause was heard on the seventh day of October, 1938, on the pleadings, exhibits and evidence introduced by the parties resulting in a judgment against Arabella White for $338.51, and declaring same a first lien upon the land and decreeing a foreclosure of the mortgage and order of sale of the land to satisfy the judgment and costs, from which is this appeal.

A motion was filed to strike the purported bill of exceptions of the proceedings and evidence because same was not properly brought into the record which was sustained by this court, hence this court can only review errors, if any, apparent on the face of the record. The record before us for review consists of the complaint, exhibits thereto, the answer and the decree of the court. We must indulge the presumption that the evidence introduced sustained the allegations of the complaint which

shows that payments were made and credited on the note that kept it alive beyond the time suit was instituted. *Strode* v. *Holland,* 150 Ark. 122, 233 S. W. 1073; *Oil Fields Corporation* v. *Cubage,* 180 Ark. 1018, 24 S. W. 2d 328.

Appellant contends that since the record shows on its face that the suit was not brought within seven years after the cause of action accrued the right to bring the action is barred under § 8918 of Pope's Digest which reads, in part, as follows: "No person or persons, or their heirs, shall have, sue or maintain any action or suit, either in law or equity, for any lands, tenements or hereditaments but within seven years next after his, her or their rights to commence, have or maintain such suit shall have come, fallen or accrued; and all suits, either in law or equity, for the recovery of any lands, tenements or hereditaments shall be had and sued within seven years next after title or cause of action accrued, and no time after said seven years shall have passed."

The section of the statute relied upon applies to actions to recover land and does not govern suits to foreclose mortgages.

Section 9465 is the section which governs relative to the foreclosure of mortgages which is, in part, as follows:

"In suits to foreclose or enforce mortgages, deeds of trust or Vendor liens, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given."

Since the debt was not barred when this suit was instituted the decree for the debt, foreclosure of the mortgage and order of the sale of the land to pay the judgment was correct and is, therefore, affirmed.