YOUNG v. BLOCKER, TRUSTEE.

4-6166 146 S. W. 2d 902

Opinion delivered January 27, 1941.

 

*George F. Edwardes* and *William Ellis*, for appellant.

*T. B. Vance*, for appellee.

HOLT, J. March 6, 1920, O. P. Morrison and wife executed a deed of trust to C. M. Blocker, trustee for Mary Temple Huckins, on certain property in Miller county, Arkansas, to secure their note for $2,000, due two years from date.

July 21, 1920, appellants, L. D. Young and Irene Young, his wife, purchased the mortgaged lands in question from O. P. Morrison and wife. They immediately went into possession and have been occupying the lands up until December 12, 1939.

December 12, 1939, default having been made in the payment of the note, a suit to foreclose was brought in the Miller chancery court by appellees against O. P. Morrison and wife and appellants, L. D. Young and wife. Copies of the deed of trust and the note sued on were made a part of the complaint. Service was had upon Morrison and wife by warning order and personal service had upon L. D. Young and wife. No answer was filed by the Morrisons, but appellants, L. D. Young and wife, filed their separate answer, specifically pleading as a defense adverse possession of said lands for seven years, the five-year statute of limitations on the note in

question, and denied knowledge of the *assumption clause* in the deed.

During the March, 1940, term of the Miller chancery court, on the 25th day thereof, Morrison and wife having made default and failing to appear, decree was rendered against them condemning the mortgaged lands to be sold in satisfaction of the indebtedness.

Upon motion by appellees (plaintiffs below), appellants attached their deed from Morrison and wife to their amended answer and filed same February 19, 1940. This deed contains, among other things, the following provisions: "We, O. P. Morrison and Eliza Morrison, his wife, for and in consideration of the sum of $3,000 to us paid by L. D. Young, and the assumption by the said L. D. Young of one certain deed of trust for the sum of $2,000 to Mrs. Mary Temple Huckins, dated March 6, 1920, and recorded in Book VV at page 439, do hereby grant, bargain, sell, and convey unto the said L. D. Young and unto his heirs and assigns forever, the following land lying in the county of Miller, state of Arkansas, to-wit: . . .", and dated July 21, 1920, about four months after the Morrisons' deed of trust to appellee, C. M. Blocker, trustee.

February 23, 1940, appellees demurred to appellants' answer and amendment thereto. March 25, 1940, upon a hearing on this demurrer, after entering a decree against the Morrisons, as above indicated, the cause was continued as to Young and wife to March 27.

On the latter date the cause was again heard by the court and appellees' demurrer to the answer and amendment thereto of L. D. Young and wife was sustained and their answer dismissed.

March 30, 1940, appellants, Young and wife, filed motion to vacate the decree of March 25, 1940, and the decree of March 27, 1940, and that they be permitted to plead the five-year statute of limitations (§ 8933, Pope's Digest) as a defense and bar to appellees' foreclosure suit.

Appellees filed response to appellants' motion and on April 6, 1940, upon a hearing, the court overruled

the motion to vacate the decrees of March 25 and March 27 and held that the only rights that appellants, Young and wife, had in the property were as set out in its decree of March 27 wherein the court decreed that the title to the property claimed by appellants was "inferior and subject to the plaintiffs' deed of trust covering said property which the said defendants assumed and agreed to pay as a part of the purchase money and that their sole rights in said property is the right to redeem from said mortgage indebtedness, and there being no offer to do so, it is ordered and decreed that their title in and to said land be and the same is hereby canceled and set aside and the plaintiffs' title forever quieted as against their claim."

Following this decree, the property was advertised, and sold, the sale approved, and the deed executed by the commissioner to the purchaser.

The principal contention upon which appellants seek relief here is that the trial court erred in denying their defense of the five-year statute of limitations as a bar. We think, however, that there is no merit to this contention.

As has been indicated, appellants, Young and wife, held possession of the land in question under a deed from O. P. Morrison and wife whose subsisting mortgage indebtedness was in full force and effect at the time appellants purchased the equity of redemption, and who as a part of the consideration specifically assumed and agreed to pay the mortgage indebtedness due the mortgagee and which indebtedness, according to the proof, was kept alive by the mortgagee by payments of insurance, appearing on the back of the note, the last payment of $12.85 being dated October 19, 1939.

This finding appears in the decree of the trial court dated March 25, 1940, in the following language: "The court further finds that under the terms of said deed of trust said plaintiffs have from time to time paid taxes and insurance on said property. The last credit on said note being October 19, 1939, for insurance in the sum of $12.85."

Since the evidence upon which the trial court based its foreclosure decree of March 25, 1940, does not appear in the transcript, and therefore has not been abstracted, a presumption must be indulged here that evidence was introduced upon which said decree was based sustaining the allegations of the complaint that advancements were made and indorsed on the note which kept it alive beyond the time suit was instituted in accordance with the trial court's decision.

This court has many times held against the contention of appellants. As early as *Millington* v. *Hill, Fontaine & Co.*, 47 Ark. 301, 1 S. W. 547, this court said:

". . . Mrs. Millington attacked the validity of the lien of the mortgages already mentioned, upon the ground, . . . that the debts they secured were usurious in their inception. A demurrer to the answer was sustained. It is clear that Mrs. Millington was not prejudiced by this ruling.

"The mortgages had been executed by Bolton before his conveyance to her, and she had not only purchased subject to the mortgage liens, but had assumed to discharge the mortgage debts to the amount of $6,000, as part of the purchase price to be paid by her. . . . Bolton thus provided the means with which to pay this $6,000 and placed it in Mrs. Millington's hands for that purpose. It is not a matter that concerns her whether the mortgages are void, the debts fictitious, or not. . . To permit her to hold the lands and repudiate the mortgages, would be to give her the land without exacting the purchase price."

In the comparatively recent case of *Haney* v. *Holt*, 179 Ark. 403, 16 S. W. 2d 463, this court said:

". . . 'one who takes a conveyance, absolute or conditional, which recites that it is second or subordinate to some other lien or incumbrance, can in no proper sense claim that he is a purchaser of the entire thing. He purchases only the surplus or residuum after satisfying the other incumbrance' . . .

"The plaintiffs, by accepting their subsequent mortgage under the circumstances aforesaid, ceased to

be strangers to the defendant's prior mortgages, and were thereby brought into contractual relations with said mortgagees, and they imposed limitations upon the interest acquired by them in the property . . .

"Again, it is insisted that the judgment in favor of Holt against W. H. Haney should be reversed because the account was barred by the statute of limitations; but the chancellor correctly held that the stipulation in the case took away from the defendant the right to plead the statute of limitations. The stipulation expressly recites that W. H. Haney was indebted to H. H. Holt in the sum of $349.85."

See, also, *Gunnels* v. *Farmers' Bank of Emerson,* 184 Ark. 149, 40 S. W. 2d 889.

And in the still later case of *Cunningham* v. *Federal Land Bank of St. Louis,* 192 Ark. 156, 90 S. W. 2d 503, this court said: "Under repeated opinions of this court we have consistently held that a grantee in a deed who expressly assumes and agrees to pay an outstanding mortgage debt against the lands conveyed by accepting such deed binds himself to the mortgagee or his assignees for the debt. This right inures to the mortgagee and his assignees as a matter of law, and no election or other affirmative action upon his part is necessary or required to establish it."

Under these authorities, it is clear that the clause, *supra,* in the deed from the Morrisons to the Youngs brought the Youngs into a contractual relationship with the mortgagee as a matter of law and until appellants performed such contract they were not in a position to question the validity of the note or the lien securing it for the reason that while appellants owned the land, their ownership was subject to the indebtedness assumed. They went into possession bound by the terms of this contract and as we have said, the statute of limitations was not available to them as a defense.

Appellants also sought in their answer to avoid the effect of the foregoing decisions on the ground that they did not know that the mortgage assumption agreement was in the deed from the Morrisons to them. Proof

to sustain this contention, however, would have been improper for the reason that it would vary the terms of a written contract and, therefore, this allegation in their answer was no defense.

In *Mott* v. *American Trust Co.*, 120 Ark. 70, 186 S. W. 631, quoting from headnote No. 2, it is held: "In an action by a mortgagee against a remote grantee of the land, whose conveyance recited that it was subject to the mortgage, but who took from the vendees of a mortgagor as part consideration for the sale of a livery stable the written contract stipulating for the conveyance to the remote grantee 'subject, however, to a mortgage . . . due and payable to' the mortgagee, parol evidence that the remote grantee orally agreed to pay the mortgage debt was inadmissible as varying the written contract, since where the statement in a writing as to the consideration is of a contractual nature, it cannot be changed or modified by parol." See, also, *Hood* v. *Young*, 178 Ark. 439, 11 S. W. 2d 767; and *Elliott* v. *Cravens*, 182 Ark. 893, 33 S. W. 2d 373.

The mortgage in question executed by Morrison and wife which appellants assumed, and which was made an exhibit to the complaint, in addition to securing the principal sum to appellees, contains a provision whereby the mortgagors agreed to keep the property insured, the taxes paid and upon failure of the mortgagors to make these payments, the mortgagees (appellees here) upon discharging said obligation, should be secured by said mortgage on said premises with the same rights, security and enforcement thereof as on the principal sum.

As we have indicated, the record reflects that the mortgagees (appellees here) from time to time paid taxes and insurance up until beyond the date of the trial and by so doing kept the note alive and tolled the statute of limitations. This was the effect of our holding in *Dunnington et al.* v. *Taylor et al.*, 198 Ark. 770, 131 S. W. 2d 627, and has been followed in the subsequent case of *Bell et al.* v. *McElroy*, 198 Ark. 1069, 132 S. W. 2d 816. The action, therefore, was not barred by the statute of limitations.

Finally appellants urge as a defense to appellees' suit to foreclose the mortgage in question, the seven-year statute of limitations (§ 8918, Pope's Digest). This court, however, in *White et al.* v. *White et al.*, 198 Ark. 740, 131 S. W. 2d 4, held that the seven-year statute of limitations was not applicable to mortgage foreclosure suits and in the course of the opinion said: ''Appellant contends that since the record shows on its face that the suit was not brought within seven years after the cause of action accrued, the right to bring the action is barred under § 8918 of Pope's Digest. . . . The section of the statute relied upon applies to actions to recover land and does not govern suits to foreclose mortgages.''

On the whole case, no error appearing, the decree is affirmed.