**James A. WILLIAMS, Appellant,**

v.

**John E. PETERS and Chester E. Strand, Appellees.**

**No. 14998.**

United States Court of Appeals Ninth Circuit.

May 14, 1956.

Rehearing Denied June 8, 1956.

James A. Williams, Steilacoom, Wash., for appellant (in pro. per.).

Hubert A. Gilbert, Fairbanks, Alaska, for appellees.

Before POPE and CHAMBERS, Circuit Judges, and BOLDT, District Judge.

PER CURIAM.

This is an appeal from an order dismissing appellant's complaint "for failing to state a cause of action." Williams' complaint alleged that defendants Peters and Strand, when called to testify in a certain criminal prosecution against him, each gave false and perjured testimony against Williams, thus bringing about his conviction.

The defendant Strand moved for summary judgment. To his order denying that motion,[1] the court added the order dismissing the complaint, from which appeal is now sought.

This court has frequently held that an order dismissing a complaint, without dismissing the action, is not an appealable order. Turnbull v. Cyr, 9 Cir., 184 F.2d 117; Blanco v. United States, 9 Cir., 184 F.2d 117.

Cases may be found in which an order dismissing a complaint has been held final where it is clear that the court completely determined plaintiff has no right of action and plaintiff, by appealing, and not seeking leave to amend, was deemed to have elected to stand on his complaint. Asher v. Ruppa, 7 Cir., 173 F.2d 10. And compare United States v. State of Arizona, 346 U.S. 907, 74 S.Ct. 239, 98 L.Ed. 405, reversing this court's decision at 9 Cir., 206 F.2d 159.

We think that a fair interpretation of the court's order is that it was not regarded by the trial court as a final decision, as in Asher v. Ruppa, supra; this for the reason that at the same time the court was denying the motion for summary judgment. Hence the order here involved was not appealable, and the appeal is dismissed.

---

1. In Parker v. Title and Trust Co., 9 Cir., 233 F.2d 505, this court applied the general rule that a witness may not be sued for damages on account of his false statements.