Lazar DWORKIN, Appellant,

v.

**FIRST NATIONAL BANK OF FAIRBANKS**
et al., Appellees.

No. 929.

Supreme Court of Alaska.

Sept. 6, 1968.

Patrick E. Murphy, Robert A. Parrish, Fairbanks, for appellant.

William V. Boggess, Fairbanks, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

OPINION

RABINOWITZ, Justice.

In this appeal appellant questions the superior court's determination that his *pro*

*se* complaint failed to state a claim upon which relief could be granted.[1]

■ At the outset it is necessary to determine whether the order entered below is a final judgment and thus appealable.[2] In City of Fairbanks v. Electric Distribution System,[3] we said:

> In their motion to dismiss appellees contended that the order from which the appeal was taken was not a 'final judgment,' within the meaning of Supreme Court Rule 6, because the order dismissed the appellant's complaint, rather than the action. There are instances where an order dismissing a complaint, without dismissing the action, will not be appealable. But that is not the situation here.

In the case at bar appellees moved for the entry "of an order dismissing this action * * * because the complaint fails to state a claim * * * upon which relief can be granted." The superior court subsequently entered an order granting appellees' motion to dismiss.[4] We construe the superior court's order as one in which appellees' motion to dismiss appellant's cause of action was granted. Since the action rather than the complaint was dismissed, the requisite degree of finality is present for purposes of our appellate jurisdiction.

Under our Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief * * *."[5] The federal counterpart of Civil Rule 8(a) has received a very liberal interpretation. Professor Moore quotes an early decision under the federal rules which stated:

> The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords fair notice is all that is required.[6]

Nevertheless, it remains necessary that the complaint disclose information from which a court could conclude, under Civil Rule 8(a), a valid claim was alleged "showing that the pleader is entitled to relief * * *."

In the complaint which was filed below, appellant asserted that between September 1, 1959, and October 3, 1959, one Abraham Mugerdichian advanced the sum of $17,500 against certain specifically described real property

> upon which he has claimed a lien and is entitled to a lien, notice of which Claim of Lien was given in writing duly ex-

1. Civ.R. 8(a) requires that "A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief * * *." Civ.R. 12(b) provides that "Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted. * * *"

2. Alaska Supreme Ct.R. 6 reads: "An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding * * *."

3. 413 P.2d 165, 168 (Alaska 1966) (footnotes omitted). The following authorities hold that an order which dismisses the complaint without expressly dismissing the action is not, except under special circumstances, an appealable order: DeWitt v. Pail, 366 F.2d 682, 684–85 (9th Cir. 1966); Firchau v. Diamond Nat'l Corp., 345 F.2d 269 (9th Cir. 1965); Marshall v. Sawyer, 301 F.2d 639, 643 (9th Cir. 1962); Williams v. Peters, 16 Alaska 303, 233 F.2d 618, 619 (9th Cir.), cert. denied, 352 U.S. 881, 77 S.Ct. 104, 1 L.Ed.2d 81 (1956).

4. The order which was entered reads in part that the "Motion to Dismiss is granted for the reason that the Complaint fails to state a claim upon which relief may be granted."

5. Civ.R. 8(a) (1).

6. 2A J. Moore, Federal Practice ¶ 8.13, at 1696 (2d ed. 1968) (footnote omitted). See Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957); S.E.C. v. Timetrust, Inc., 28 F.Supp. 34 (N.D.Cal. 1939).

ecuted, and recorded * * * on October 26, 1959 * * *."

Appellant requested that the mortgage lien be adjudged paramount and that the same be foreclosed. Attached to and made part of the complaint was a copy of the "Notice of Claim of Lien." This document described certain real property and claims a lien thereon "for and on account of monies given between September 1, 1959, and October 23, 1959." [7] Although one Edward Merck is identified as the owner of the real property, the notice of lien fails to identify the recipient of the monies alleged to have been advanced. The complaint further states that on April 2, 1967, Abraham Mugerdichian assigned the mortgage lien to appellant.[8]

In his brief and oral argument before this court, counsel for appellant conceded that formal defects in the asserted lien furnished a "basis for dismissal of a cause of action based solely upon a legal mortgage." On the other hand, appellant's position is that at the time the superior court ruled upon the motion to dismiss it had before it appellant's "assertion that the lien was intended by the original parties to the transaction as a mortgage and that at the time of the lien the mortgagor had full power to mortgage his land." From this appellant argues that "Under such circumstances an equitable mortgage *can* arise and will be enforced by a court against the original mortgagor and all who take from him with notice or actual knowledge." Specifically, appellant claims that his complaint, together with his memorandum and oral argument in opposition to the motion to dismiss, "stated a cause of action for an equitable mortgage and alleged and presented facts upon which relief could be granted."

■ Here appellant misconceives the court's function in deciding Civil Rule 12(b)(6) motions for dismissal which are grounded on the "failure to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint's allegations. Well pleaded allegations of the complaint are deemed admitted for purposes of the motion but unwarranted factual inferences and conclusions of law are not considered admitted in resolving the merits of such motions.[9] In short, in reviewing the lower court's

7. The text of the Notice of Claim of Lien continues in the following manner:
    That said monies were given between the dates of September 1, 1959, and October 23, 1959; that the amount claimant expended was Seventeen Thousand Five Hundred Dollars ($17,500.-00). That no part thereof has been paid and there is now due and owing and remaining unpaid thereon after deducting all just credits and offsets the sum of $17,500.00, in which amount he claims a lien upon said property.

8. The assignment was also incorporated in the complaint and where pertinent read that Mugerdichian assigned all of his right, title and interest in and to a certain Notice of Claim of Lien duly executed * * * on the 24th day of October, 1959, and duly recorded * .* * on October 26, 1959 * * *.
    I further authorize and empower the said Lazar Dworkin if necessary to execute any and all further and other documents which may become necessary to effectuate the intent of the said instrument and to sue or take any

action or proceeding in any court of competent jurisdiction or act in any other or further manner as he may deem in his judgment to be necessary.

9. 2A J. Moore, Federal Practice ¶ 12.08, at 214 (2d ed. 1968). In Shannon v. City of Anchorage, 429 P.2d 17, 20 (Alaska 1967), the concurring opinion alluded to Civ.R. 12(b) which provides:
    If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all the parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
    In the case at bar matters outside the scope of the pleadings were not considered by the court and therefore, the above-quoted portion of Civ.R. 12(b) (6) is inapplicable.

holding, the court will not consider matters extraneous to the complaint.

The concept of equitable mortgages or liens has received wide recognition. A representative statement of the theory is found in Foster Lumber Co. v. Harlan County Bank[10] where the Kansas court cited a New York court decision stating:

> There can be no doubt * * * that where one party advances money to another upon the faith of a verbal agreement by the latter to secure its payment by a mortgage upon certain lands, but which is never executed, or which, if executed, is so defective or informal as to fail in effectuating the purpose of its execution, equity will impress upon the land intended to be mortgaged a lien in favor of the creditor who advanced the money for the security and satisfaction of his debt.[11]

The defect in the complaint in the case at bar is that it does not disclose adequate information as to the basis for the claim. Significantly, absent is any allegation from which the trial court could have reasonably inferred that Merck, alleged owner of the real property, agreed with Mugerdichian, creditor and appellant's assignor, that the property would be encumbered as security for the $17,500 purportedly advanced by Mugerdichian.[12] Since the complaint itself affords no factual basis for an equitable mortgage claim, granting of appellees' motion to dismiss was proper.[13]

One additional point in this appeal remains. In support of the lower court's ruling, appellees argue that appellant's cause of action was barred by the statute of limitations.[14] Appellees contend that AS 09.10.050 of our Code of Civil Procedure establishes the governing period of limitations. This statute provides in part:

> No person may bring an action (1) upon a contract or liability, express or implied, excepting those mentioned in § 40 of this chapter * * * unless commenced within six years.[15]

10. 71 Kan. 158, 80 P. 49, 50 (1905).

11. See Stephens v. Arrow Lumber Co., 354 F.2d 732 (9th Cir. 1966); Rizo v. Macbeth, 398 P.2d 209, 211 (Alaska 1965); First Nat'l Bank of Fairbanks v. Timmins, 4 Alaska 242, 246 (D. Alaska 1910); Lewis v. Wells, 85 F. 896, 899 (D. Alaska 1898).

12. Nothing in the text of the Notice of Claim of Lien itself affords a basis for sustaining the sufficiency of the complaint upon an equitable mortgage theory.

13. In Nagler v. Admiral Corp., 248 F.2d 319, 324 (2d Cir. 1957), the court quoted with approval from the Report of Proposed Amendments prepared by the Advisory Committee on the Federal Rules in which the committee determined to retain Civ.R. 8(a) in its present form. The committee stated:
    It is accordingly the opinion of the Advisory Committee that, as it stands, the rule * * * requires the pleader to disclose adequate information as the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it.
    See also Garcia v. Hilton Hotels International, 97 F.Supp. 5 (D.P.R.1951).

14. AS 09.10.010 of Alaska's Code of Civil Procedure provides:
    No person may commence a civil action except within the periods prescribed in this chapter after the cause of action has accrued, except when, in special cases, a different limitation is prescribed by statute.

15. In conjunction with their reliance upon AS 09.10.050, appellees cite Carklin v. Grigsby, 9 Alaska 378, 383 (D.C.Alaska 1938). There the court held that in a suit to foreclose a mortgage the six-year period of limitation was controlling and that the ten-year period pertaining to actions upon seal instruments was inapplicable. In its opinion the court made reference to the fact that:
    Plaintiff agrees, in his answering brief, that these are the issues. He states: 'We agree with counsel for defendant Flower that the sole and only question involved in this controversy is whether or not the time within which suit must be brought to foreclose the mortgage involved in this case is governed by the second subdivision of Section 3355, C.L.A.1933, permitting actions upon sealed instruments to be commenced within ten years, or whether the suit is governed by the first

Appellees further contend that this six-year period of limitation bars appellant's claim because the October 24, 1959, Notice of Claim of Lien states that the $17,500 "is now due and owing and remaining unpaid." [16]

As has been mentioned previously, appellant contends his cause of action is based upon equitable mortgage principles.[17] That portion of our Code of Civil Procedure which deals with limitation of actions does not contain any provision which specifically establishes a limitation period governing the foreclosure of either legal or equitable mortgages.[18] AS 09.10.050, on the other hand, does fix a six-year period of limitations covering the debt or obligation which is secured by the mortgage. Nevertheless, appellant argues that the applicable period governing foreclosures of equitable mortgages is 10 years.[19]

We take a contrary view and hold that the six-year statute of limitations, which governs the underlying $17,500 obligation, is determinative of the period of time in which appellant was required to commence this action to foreclose the purported equitable mortgage security. Judicial precedent is divided concerning the question of whether a foreclosure action can be maintained in face of the fact that the applicable statute of limitations has barred an action upon the debt or obligation secured. Typical of those authorities holding that the foreclosure action is barred in such circumstances is Pratt v. Pratt [20] where the court quoted with ap-

---

subdivision of Section 3356, C.L.A. 1933, requiring actions upon express contracts other than sealed instruments to be brought within six years; and that the whole case turns on the question as to whether or not the mortgage sought to be foreclosed in this case is a sealed instrument.'

16. Appellees point out that the complaint was not filed until June 9, 1967, a date more than six years after the cause of action accrued on October 24, 1959.

17. In regard to equitable mortgages, Hill v. Hill, 185 Kan. 389, 345 P.2d 1015, 1022 (1959), which was cited by appellees in another context, states:

There can be no doubt upon the authorities that where one party advances money to another upon the faith of an agreement by the latter to secure its payment by a mortgage upon certain lands, but which is never executed, or which, if executed, is so defective or informal as to fail in effectuating the purpose of its execution, equity will impress upon the land intended to be mortgaged a lien in favor of the creditor who advanced the money for the security and satisfaction of his debt. The lien attaches upon the payment of the money and unless there is a waiver of it, express or implied, remains and may be enforced so long as the debt itself may be enforced.

18. Limitation of actions are covered in chapter 10 of our Code of Civil Procedure (AS 09.10.010 through AS 09.10.-

240). AS 09.10.230 provides in part that:

No person may bring an action for the determination of a right or claim to or interest in real propety unless commenced within the limitations provided for actions for the recovery of the possession of real property.

AS 09.10.030 establishes that in actions for recovery of real property, the controlling period of limitations is 10 years. Further, AS 09.10.100 states that:

An action for a cause not otherwise provided for may be commenced within 10 years after the cause of action has accrued.

19. In part, appellant relies upon AS 34.20.-150(a) which provides that:

The date of maturity of an instrument creating a lien upon real property is considered to be 10 years from the date of the instrument, unless (1) the period of the instrument is disclosed by the instrument. * * *

In our view, AS 34.20.150(a) (1) is inapplicable for here the very document upon which appellant asserts his claim for relief stated that the $17,500 was due and owing on October 24, 1959. See n. 7 supra. Similarly, we have concluded that AS 09.10.230 is inapplicable as we do not construe this action as one for the determination of a right or claim to or interest in real property.

20. 121 Wash. 298, 209 P. 535, 536, 28 A.L.R. 548 (1922).

proval the following from McGovney v. Gwillim, 16 Colo.App. 284, 65 P. 346 (1901):

> 'In Colorado, whether the form of security be a mortgage or a deed of trust, the debt is the principle thing. The security is a mere incident. * * * A mortgage has a lien merely. * * * An action to foreclose a mortgage or deed of trust is simply, in effect, an action to collect the debt, to secure the payment of which was the sole purpose of its execution; *and, when the statute after the lapse of a certain time bars an action upon the debt for its collection, we believe it includes all actions seeking to effectuate that purpose.*' [21]

Representative of the authorities which distinguish between actions upon the underlying debts and actions to foreclose the accompanying security is Davis v. Stone [22] where it was said:

> Assuming that the right of the defendant to recover on the debt has been barred by the statute of limitations, it does not follow that the defendant would be without the right to proceed to foreclose the deeds of trust, for the period of limitation thereon had not elapsed. [23]

In our view the sounder result is reached by those authorities which hold that in the absence of a controlling statute the foreclosure action is subject to the same period of limitations as the underlying debt. [24] We believe it an undesirable result which permits a mortgagee to maintain a foreclosure action after the limitations period has run on the underlying debt or obligation. Since the allegations of appellant's complaint alleged that the $17,500 was then due and owing in October of 1959, institution of suit more than six years later was barred by the provisions of AS 09.10.050.

The order entered below is affirmed.

---

**21.** See also Young v. Blocker, 201 Ark. 802, 146 S.W.2d 902 (1941); White v. White, 198 Ark. 740, 131 S.W.2d 4 (1939); Markus v. Chicago Title & Trust Co., 373 Ill. 557, 27 N.E.2d 463, 465, 12 A.L.R. 567 (1940); Gary-Wheaton Bank v. Helton, 337 Ill.App. 294, 85 N.E.2d 472 (1949).

**22.** 236 F.Supp. 553, 558 (D.D.C.1964).

**23.** See also Barnett v. Waddell, 248 Ala. 189, 27 So.2d 1, 4 (1946); Highland Crate Cooperative v. Guarantee Life Ins. Co., 154 Fla. 332, 17 So.2d 515, 516 (1944); Holt v. Tate, 193 Ga. 256, 18 S.E.2d 12, 13 (1941); Sammons v. Nabers, 186 Ga. 161, 197 S.E. 284, 286 (1938).

**24.** In 3 R. Powell, The Law of Real Property ¶ 461, at 682–83 (1967) (footnotes omitted), the author writes:

The time limit set for the commencement of an equitable action to foreclose is frequently longer than the period prescribed for a law action on debt and, in some states, is unlimited except by the rule of laches. This difference interposes a problem where the mortgagee has permitted the time to run out within which he could bring an action upon the debt, yet wishes to enforce his lien. Since the debt is not usually regarded as extinguished by any passage of time, but only the remedy is barred by the statute of limitations, there is no application here of the rule applied in other situations, that the mortgage cannot stand independently of the obligation which it purports to secure. Accordingly, it is generally accepted that the lien is not thereby destroyed, and that, in the absence of a statute providing otherwise, the mortgagee may proceed to foreclose, either by action for foreclosure, or by advertisement pursuant to a reserved power of sale, being barred only from the obtaining of a deficiency judgment. The undesirability of the results so attained has led to many statutes changing the law. Some of these statutes provide merely an identical period of limitation for both the obligation and the security enforcement. Some go further and provide that the running of the statutory period destroys not only the remedy but also the obligation.