NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| THOMAS A. LAMB, | ) | |
| | ) | Supreme Court No. S-15155 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-09961 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| BARACK OBAMA, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1485 - March 12, 2014 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: Thomas A. Lamb, pro se, Anchorage, Appellant. No appearance for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

Thomas Lamb brought suit in Alaska seeking an order directing then-presidential candidate Barack Obama to produce certain personal records. The superior court ultimately dismissed the lawsuit on four grounds: (1) failure to perfect service; (2) lack of standing; (3) lack of subject matter jurisdiction; and (4) failure to state a claim for relief. Mr. Lamb appeals. We agree with the superior court's rulings on lack of standing, lack of subject matter jurisdiction, and failure to state a claim for relief,

---

\*      Entered under Alaska Appellate Rule 214.

collectively, and therefore AFFIRM the superior court's decision to dismiss the lawsuit without needing to reach the issue of service.

We adopt the superior court's decision in relevant part, attached as an Appendix.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| THOMAS A. LAMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BARACK OBAMA, | ) |
| | ) |
| Defendant. | ) |

Case No. 3AN-12-09961 CI

## ORDER[*]

## I.      INTRODUCTION

For the reasons set forth below . . . the case is dismissed.

## II.      STATEMENT OF FACTS

Thomas Lamb filed a complaint on September 25, 2012, against Barack Obama and Mitt Romney, personally, seeking access to their educational, medical, personnel, and tax records. His stated purpose for accessing the requested information was for the public to have more information in selecting a candidate in the 2012 presidential election.

On November 6, 2012, Mr. Obama was re-elected President of the United States. On November 23, 2012, Mr. Lamb filed an amended complaint naming only President Obama, in his personal capacity as a presidential candidate, as defendant.

---

[*]      This decision has been edited to limit it to its relevant portions, to use consistent references to the parties, to make minor corrections, and to conform with technical rules of the Alaska Supreme Court.

## III. DISCUSSION

### Mr. Lamb Does Not Have Standing To Bring This Lawsuit.

Mr. Lamb lacks standing to sue in state court, having suffered no cognizable injury. Standing is a "rule of judicial self-restraint based on the principle that courts should not resolve abstract questions or issue advisory opinions."[1] Mr. Lamb claims that he has standing because his proclaimed injury, the loss of his vote, is an injury for which standing can be invoked. Mr. Lamb's choice not to vote, albeit because he believed that he did not have enough information to do so, is not a cognizable injury and does not confer standing upon him. In order to establish citizen-taxpayer standing under Alaska law, a plaintiff must show that the case is of public significance and that the party is the appropriate plaintiff. . . . Mr. Lamb's amended complaint to obtain the release of President Obama's personal medical, school, and tax records post-election is not of public significance requiring Mr. Lamb to represent the public to obtain them.

Interest-injury standing to sue requires a genuine controversy, often evinced by a lawsuit, claiming an interest that is a sufficient predicate for determining the issue at the litigant's request.[2] At the core of an analysis of standing is a determination of whether the party seeking relief has sustained an injury or if there is a genuine controversy.[3] Mr. Lamb clearly lacks interest-injury standing to sue because he cannot establish any injury in fact, nor can he show a genuine controversy. Mr. Lamb claims that his failure to vote was his injury. However, the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government — claiming only harm to his and every citizen's interest in proper application of the

---

[1] *Ruckle v. Anchorage Sch. Dist.*, 85 P.3d 1030, 1034 (Alaska 2004).

[2] *Keller v. French*, 205 P.3d 299, 304 (Alaska 2009).

[3] *Id.*

Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large" — does not present a controversy.[4] Mr. Lamb's complaint alleges nothing more than non-justiciable abstract and theoretical claims. He has failed to state any allegation of a cause of action or particularized injury, and even if service were perfected, Mr. Lamb's complaint would be dismissed for lack of standing.

**The Court Lacks Subject Matter Jurisdiction Over The Issues At Bar In This Lawsuit**

This court lacks jurisdiction to hear Mr. Lamb's case. Mr. Lamb's complaint essentially aims to challenge President Obama's qualifications to be president or, alternatively, alleges that President Obama's failure to disclose certain information cost Mr. Lamb his vote.[5] The former is a non-justiciable political question that requires dismissal of the complaint based on the separation of powers.[6] The latter is moot. The framework for the Electoral College and its voting procedures for President are found in Article II, Section 1 of the United States Constitution. This is fleshed out in 3 U.S.C. § 1, et seq., which details the procedure for presidential elections and for challenging candidates. The court lacks the subject matter jurisdiction to determine the eligibility and qualifications of Mr. Obama to be President and lacks the jurisdiction to require him to produce personal records to that effect. If a state court were to involve itself in the eligibility of candidates to hold national offices, a determination reserved for the Electoral College and Congress, it may involve itself in national political matters for which it is institutionally ill-suited and may interfere with the constitutional authority of

---

[4]     *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992).

[5]     Mr. Lamb questions President Obama's citizenship and . . . his health in the long term.

[6]     *Baker v. Carr*, 369 U.S. 186, 210 (1962).

the Electoral College and Congress. Accordingly, the political question doctrine instructs this court and others to refrain from these questions beyond its scope.

Mr. Lamb makes reference to what he is entitled to under Article I of the Constitution, specifically with regards to a claim that it preserves for him some right to gather information for a congressional inquiry. Article I of the United States Constitution vests the legislative power of the United States in the Congress, prescribes election requirements for the House of Representatives and Senate, provides rules for how those bodies shall be run, describes what enumerated powers are vested in the Congress, and identifies what laws Congress is forbidden from passing. Nowhere in Article I of the Constitution is a citizen granted the right to access the private medical, school, tax, or personnel records of another citizen, and nowhere in Article I is a citizen granted the power of Congress to make such inquiries.

**Mr. Lamb Failed To State A Claim Upon Which Relief Could Be Granted.**

Alternatively, Mr. Lamb's complaint would be dismissed for his failure to state a cause of action. Mr. Lamb's allegations about President Obama are analogous to those claims of the "birther" movement, including that President Obama is or was at one time Muslim and that President Obama is actually a citizen of Indonesia, Kenya, or both. The court is under no obligation to accept as true Mr. Lamb's complaint that is full of legal conclusions and bald assertions cloaked as facts.[7] Bare legal conclusions are not entitled to the benefit of the presumption of truth and are not accorded every favorable inference.[8] Moreover, Mr. Lamb has failed to plead any facts that fit within any cognizable legal theory. Mr. Lamb's complaint gives his version of the history of

---

[7] *See, e.g.*, *Dworkin v. First Nat'l Bank of Fairbanks*, 444 P.2d 777, 779 (Alaska 1968).

[8] *Id.*

Mr. Obama's life and presidency; however he neither states nor provides allegations sufficient for any recognized cause of action. Even if the complaint and summons were properly served, Mr. Lamb had standing, and this court had jurisdiction, Mr. Lamb pleads no claim entitled to relief.

Mr. Lamb's amended complaint alleges that he sent a demand letter to President Obama requesting complete medical records, school records, 10 years of IRS returns, and personnel records from ACORN. President Obama never responded to Mr. Lamb's demand. Mr. Lamb alleges that the Full Faith and Credit Clause of the United States Constitution, along with its codified requirements at 28 U.S.C. § 1738, are controlling with regard to public records. Mr. Lamb further argues that Article I of the United States Constitution grants him a right to use this court to ascertain facts to be utilized in a Congressional inquiry. Mr. Lamb then continues to make factual allegations regarding President Obama's personal history based on a Boston Globe article, a televised Frontline interview of one of President Obama's elementary school classmates, photographs by an Indonesian Associated Press photographer, and anomalous uncited Indonesian law. Mr. Lamb's prayer for relief requests President Obama's school records and a verification of an amended Certificate of Live Birth. Mr. Lamb alleges no cause of action under which he is entitled to these documents. In a memorandum in support of his amended complaint, Mr. Lamb appears to assert that President Obama committed fraud, and that Mr. Lamb was injured because he did not have the facts necessary to make an informed vote, and thus did not vote.

Mr. Lamb has asserted no law under which he could recover or obtain the requested information based on his choosing not to vote. Furthermore, Mr. Lamb has failed to plead fraud with sufficient particularity. The elements of fraud are narrowly defined. Under Alaska Civil Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Mere

conclusory statements alleging wrongs in his pleadings are insufficient. In order to establish a prima facie case of fraud, plaintiff must establish a misrepresentation of fact or intention made fraudulently for the purpose or with the expectation of inducing another to act in reliance, with justifiable reliance by the recipient causing loss.[9] In his complaint Mr. Lamb's statements can be described at best as bare assertions. Mr. Lamb does not address any of the elements of an action for fraud, and only makes conclusory statements in his memorandum of support that President Obama committed fraud. Mr. Lamb has not met the requirements of Rule 9(b), and thus cannot sustain an action for fraud.

## IV. CONCLUSION

For the reasons stated above . . . the case is dismissed.

Dated this 15th day of March, 2013, at Anchorage, Alaska.

/s/ Frank A. Pfiffner
Superior Court Judge

---

[9] *Lightle v. State, Real Estate Comm'n*, 146 P.3d 980, 983 (Alaska 2006).